FILED'09 MAY 28 16:26USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIO ROSHUN VITAL,

              Petitioner,        Civil No. 08-11-CL

           v.               REPORT AND
                             RECOMMENDATION

MARK NOOTH,

              Respondent.

CLARKE, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Amended Judgment of Conviction and Sentence dated March 10, 2005, from Jackson County Circuit Court Case No. 04-3308-BFE, after a conviction for Robbery in the First Degree, and the Judgment of Conviction and Sentence, dated October 22, 2005, from Jackson County Circuit Case No. 04-5413-FE, after a conviction of Robbery in the Second Degree.  Respondent's Exhibit 101. Following guilty pleas, petitioner was sentenced to consecutive sentences of 90 and 70 months, respectively. Id.

1 - REPORT AND RECOMMENDATION

Petitioner did not directly appeal his convictions. Petitioner filed a petition for post-conviction relief in <u>Vital v. Hill</u>, Malheur County Circuit Case No. 05-06-4484M, but the court denied relief. Respondent's Exhibit 106. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme court denied review. <u>See</u>, Respondent's Exhibits 117-123.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging:

"<u>Ground One:</u> Denial of effective assistance of counsel under the Petitioner's Constitutional Rights were violated under the Sixth and Fourteenth Amendments to the Untied States Constitution with regard to consecutive sentencing.

<u>Ground Two:</u> Denial of effective assistance of counsel under the Petitioner's Constitutional Rights were violated under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution when trial court sentenced Petitioner under Ballot Measure 11.

<u>Ground Three:</u> The trial court's ruling, the last-reasoned State court opinion in this case, resulted in a decision that: (1) was contrary to clearly established Federal law, as determined by the Supreme Court; (2) involved an unreasonable application of clearly established Federal law as determined by the Supreme Court and (3) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Accordingly, this court should: issue the writ; (b) order and conduct a full evidentiary hearing; or order discovery to develop the facts." (sic)

Petition (#2) p. 3-4.

Respondent contends that petitioner did not exhaust state remedies with respect to his claims herein and that to the extent that his claims may have been raised in state court proceedings, the state court decisions denying relief "were neither 'contrary to," not "an unreasonable application of,"

2 - REPORT AND RECOMMENDATION

United States Supreme Court precedent." Respondent further argues that petitioner's claims fail on the merits. Response (#18) p. 2.

28 U.S.C. § 2254(b)(1) requires habeas petitioner's to exhaust state remedies on all claims alleged in their § 2254 petitions, unless it appears there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. In O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999), the Supreme Court stated that to *properly* exhaust state remedies, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." See also, Picard v. Conner, 404 U.S. 270, 275-76 (1971). In Gray v. Netherland, 518 U.S. 152 (1996), the Court held that to "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." A claim is not "fairly presented" if the court must read beyond the petition "or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also, Castillo v. McFadden, 399 F.3d 993, 2005).

Furthermore, the petitioner must have presented their

federal claims to the state courts in a procedural context in which the merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim presented in a procedurally defective manner); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989) (if state "mandates a particular procedure to be used to he exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted). Finally, if a petitioner may present his federal claims to a state's Supreme Court, he must do so to "properly exhaust" it. O'Sullivan, supra, at 845, 848.

In summary, a federal claim is "fairly presented" to the state courts only if it was properly presented to (1) the state's Supreme Court, (2) as a federal question, (3) in the appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not properly exhausted, O'Sullivan, 526 U.S. at 848,

and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993).

Petitioner's Formal Petition for Post-Conviction Relief alleged that "he was sentenced to illegal and unconstitutional consecutive sentences" and that his "Ballot Measure 11 convictions ... are illegal and unconstitutional." Respondent's Exhibit #106 p. 2-3. Although petitioner generally alleged that his Ballot Measure 11 sentences violated various constitutional provisions including his "right to Assistance of Counsel, (Sixth Amendment)," <u>Id</u>., p. 3, petitioner did not specifically allege that his counsel was ineffective or make any argument in that regard. <u>See</u>, Respondent's Exhibit #107 (petitioner's post-conviction trial memorandum).

I find that the general allegation that Ballot Measure 11 convictions violated petitioner's right to counsel, is insufficient to invoke a "specific constitutional guarantee" and does not constitute a "statement of facts" that would "alert the post-conviction court to the presence of the federal (ineffective assistance of counsel) claim." <u>Baldwin v. Reese</u>, <u>supra</u>. The only specific argument suggested in petitioner's post-conviction trial memorandum is a

<u>Blakely/Apprendi</u> claim.   <u>Id</u>.   Petitioner did not make any ineffective assistance of counsel argument at his post-conviction trial.   <u>See</u>, Respondent's Exhibit #115.

The post-conviction court was not "alerted" to a federal Sixth Amendment claim because it considered petitioner's petition, brief and oral argument and  and found only that "Ballot Measure 11 is constitutional," and that Blakely/Apprendi does not apply to this case."  Respondent's Exhibit #116.   Petitioner's appeal of the post-conviction court judgment did not raise an ineffective assistance of counsel claim.  <u>See</u>, Respondent's Exhibit 117.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" an ineffective assistance of counsel claim (or any claim) to the Oregon courts.  Accordingly, petitioner procedurally defaulted his ineffective assistance of counsel claims and has not established any cause or prejudice to excuse the default. Nor has petitioner alleged any facts that would establish that his convictions resulted in a "fundamental miscarriage of justice."  <u>Wainwright v. Sykes</u>, <u>supra</u>.

Petitioner did not file a brief in support of his petition.  Therefore it is not possible to determine precisely what claims petitioner intends to argue in this proceeding. If the ineffective assistance of counsel language is deleted from petitioner's statement of claims,  the petiton may be

liberally construed as intending to raise the claims petitioner raised in his post-conviction proceedings. Assuming petitioner intends to claim in this proceeding that (1.) Ballot Measure 11 is unconstitutional, and (2.) that his consecutive sentences violated Blakely/Apprendi, and assuming those claims were exhausted in state court, I find as follows.

As noted above, the Oregon state courts denied relief on these claims. Habeas relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d), the court in Williams v Taylor noted that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Williams v Taylor, supra at 404.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that

are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Thus, even incorrect state-court decisions must be given

deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Thus, the AEDPA sets forth a "'highly deferential standard for evaluating state court rulings,' <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n.7 (1997), which demands that state-court decisions be given the benefit of the doubt." <u>Woodford v. Visciotti</u>, 537 U.S. 19 at 24 (2003) (per curiam).

The Oregon state court decisions that Ballot Measure 11 is constitutional and that <u>Blakely/Apprendi</u> does not apply to petitioner's sentence are neither "contrary to" nor "an unreasonable application of" clearly established law as determined by the United States Supreme Court and were not the result from an unreasonable determination of facts.

Until the Oregon Supreme Court decision in <u>State v. Ice</u>, 343 Or. 248 (2007), the Oregon Court of Appeals repeatedly and expressly held that <u>Blakely</u> and <u>Apprendi</u> was not applicable to consecutive sentences. See, <u>State v. Turner</u>, 210 Or App 70 (2006); <u>State v. Brandon David Carson</u>, 21 Or App 606 (2007). In <u>Ice</u>, while acknowledging that its holding conflicts with

that of the majority of other courts that have addressed the issue, the Oregon Supreme Court held that _Apprendi_ applies to fact finding in support of consecutive sentences.

Although the United States Supreme Court has granted certiorari in _Ice_, _Oregon v. Ice_, 2008 U.S. LEXIS 2387 (U.S. Mar. 17, 2008), the Oregon decision is not "clearly established" Supreme Court precedent. Moreover, even if the Supreme Court were to affirm _Ice_, it is unlikely to be held to apply retroactively. _See_, _Schardt v. Payne_, 414 F.3d 1025 (9th Cir. 2005) (concluding that the rule of _Blakely_ does not apply retroactively.

The effective date of petitioner's Amended Judgment in 04-3308-BFE is March 10, 2005. The Judgment in 04-5413-FE is dated February 22, 2005. Respondent's Exhibit 101. These judgments pre-date the Oregon Supreme Court decision in _Ice_, by over two years.

Constitutional challenges to Ballot Measure 11 have been rejected by the Oregon Supreme Court in _State ex rel. Huddleston v. Sawyer_, 324 Or. 597 (1977) and by the Ninth Circuit Court of Appeals in _Alvarado v. Hill_, 252 F.3d 1066 (9th Cir. 2001)

Based on the foregoing, I find that the last reasoned state court decision on petitioner's _Blakely/Apprendi_ (consecutive sentence) and Ballot Measure 11 claims, does not violate any clearly established United States Supreme Court case-law. Accordingly the state court decision regarding these

claims is entitled to deference by this court. Moreover, I find that the state court decisions as to these claims are correct and that petitioner's claims fail on the merits.

Petitioner's Ground Three cites the deference standard of 28 U.S.C. § 2254(d) but does not allege any facts that could be construed as a separate or independent claim for relief and accordingly, fails to state a claim.

Based on all of the foregoing, respondent's Response (motion to dismiss) (#18) should be allowed. Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation.

    DATED this ___ day of May, 2009.

                        Mark D. Clarke
                        United States Magistrate Judge